UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

OBDULIO HERIBERTO RECINOS-MEJIA,

Petitioner,

v.

MARKWAYNE MULLIN, *et al.*,

Respondents.

Case No. 2:26-cv-02572-MMD-MDC

ORDER

## I. SUMMARY

Petitioner Obdulio Heriberto Recinos-Mejia, an immigration detainee challenging his ongoing federal detention, filed a counseled first amended petition for federal habeas corpus relief under 28 U.S.C. § 2241.[1] (ECF No. 7 ("Petition").) For the reasons discussed below, the Court grants the Petition on Ground Three and orders Recinos-Mejia released.

## II. BACKGROUND

Recinos-Mejia is a citizen of El Salvador who entered the United States as a child in 1998. (ECF No. 7 at 4.) In 2007 he was convicted of Nevada second degree murder and burglary while in possession of a firearm. (*Id*. at 5.) He was sentenced to life, with parole eligibility at 120 months and was granted lifetime parole on April 1, 2022. (ECF No.1-2 at 2, 92.) Upon his parole, Recinos-Mejia was taken into ICE custody. (ECF No. 7 at 5.) ICE issued an Administrative Order of Removal, but an immigration judge found that Recinos-Mejia qualified for deferral of removal under the Convention against Torture ("CAT"). (*Id*.) The United States Department of Homeland Security ("DHS") appealed the

[1]Respondents filed a motion to dismiss the Petition instead of filing their answer. (ECF No. 9.) Accordingly, the Court construed Respondent's motion to dismiss as a timely response to Recinos-Mejia's first amended petition. (ECF No. 10.) Recinos-Mejia subsequently filed a timely reply. (ECF No. 11.)

order to the Board of Immigration Appeals ("BIA"), but the BIA dismissed the appeal. (*Id.*) Recinos-Mejia's removal order became administratively final on March 31, 2023. (*Id*. at 25.)

ICE kept Recinos-Mejia in custody and unsuccessfully attempted to remove him to several third countries, including Mexico, Honduras, and Guatemala, but those countries wouldn't accept him given his criminal history. (*Id.*) Unable to effectuate Recinos-Mejia's removal, ICE released him on an Order of Supervision on July 11, 2023. (*Id*. at 6.)

In 2025, Recinos-Mejia was convicted of Nevada misdemeanor DUI (*Id*. at 7.) Recinos-Mejia's parole was revoked and reinstated, but on February 4, 2026, he was again taken into ICE custody. (*Id*. at 7-8.) Recinos-Mejia remains detained.

Recinos-Mejia challenges his continued detention, asserting six grounds. (ECF No. 7.) The Court will grant relief on Ground Three and declines to address the remaining grounds.

## III. LEGAL STANDARD AND JURISDICTION

Habeas corpus "is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The Constitution guarantees that a writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner who demonstrates they are in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

As in previous similar cases, the Court rejects Respondents' argument that the Court lacks jurisdiction. (ECF No. 9 at 5); *see Alkarori v. Nevada S. Det. Ctr.*, No. 2:25-CV-02567-MMD-MDC, 2026 WL 266756, at *1 (D. Nev. Feb. 2, 2026); *Sanchez Diaz v. Bondi*, No. 2:26-CV-00310-MMD-MDC, 2026 WL 905848, at *1 (D. Nev. Apr. 2, 2026); *see also Gaitan Coreas v. Mullin, et al.*, No. 2:26-CV-00591-GMN-DJA, 2026 WL

1121974, at *3-*4 (D. Nev. Apr. 24, 2026) (collecting cases). The Court finds "Respondents do not offer any meaningful basis for why the Court's previous analysis does not preclude their arguments here." *Gaitan Coreas,* 2026 WL 1121974, at *3. Respondents argue that the Immigration and Nationality Act and the REAL ID Act deprive the Court of jurisdiction. (ECF No. 9 at 5 (citing 8 U.S.C. §§ 1252(a)(5), (b)(9), (g)).) But these statutory provisions only limit the Court's ability to review challenges to the initiation and adjudication of immigration proceedings or the adjudication or execution of removal orders. *See* 8 U.S.C. § 1252(a)(5) (depriving jurisdiction over "judicial review of an order of removal"); *id.* at 1252(g) (depriving jurisdiction over cases arising from the agency's discretion "to commence proceedings, adjudicate cases, or execute removal orders"); *id.* at § 1252(b)(9) (depriving jurisdiction over cases "arising from any action taken or proceeding brought to remove" a noncitizen). Here, Recinos-Mejia is challenging the lawfulness of his ongoing detention, not his final removal order or its adjudication. *See Gonzalez v. U.S. Immigr. & Customs Enf't,* 975 F.3d 788, 810 (9th Cir. 2020) ("[C]laims challenging the legality of detention pursuant to an immigration detainer are independent of the removal process."). The Court therefore concludes that it has jurisdiction over this case.

## IV. DISCUSSION

Recinos-Mejia argues in Ground Three of the Petition that his continued detention violates his Fifth Amendment right to due process and 8 U.S.C. § 1231(a)(6) because his removal is not reasonably foreseeable. (ECF No. 7 at 24-27.) Respondents do not respond to this argument, instead arguing that the Petition must be dismissed as duplicative and that Recinos-Mejia is subject to mandatory detention under 8 U.S.C. § 1226(c). The Court agrees with Recinos-Mejia and grants the Petition on this ground.

Individuals with final removal orders are subject to mandatory detention during a 90-day "removal period". *See* 8 U.S.C. §§ 1231(a)(1), (2)(A). This 90-day removal period generally begins on the date a removal order becomes final. *See id.* at § 1231(a)(1)(B). While the Attorney General has discretion to detain noncitizens beyond the 90-day

removal period, the Supreme Court held that due process imposes an "implicit limitation" on that discretion. *See id.* at § 1231(a)(6); *Zadvydas*, 533 U.S. at 689. Indefinite detention "would raise a serious constitutional problem" under the Fifth Amendment. *Zadvydas*, 533 U.S. at 690. In *Zadvydas*, the Supreme Court "held that [a non-citizen] may be detained only for 'a period reasonably necessary to bring about that [non-citizen's] removal from the United States.'" *Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2021) (quoting *Zadvydas*, 533 U.S. at 689)). The Court found it "practically necessary to recognize some presumptively reasonable period of detention" to effectuate removal and adopted six months "to guide lower court determinations." *Zadvydas*, 533 U.S. at 702. After six months of post-removal confinement, a noncitizen may raise a due process violation claim if they "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. The government then "must respond with evidence sufficient to rebut that showing." *Id.*

Recinos-Mejia is no longer subject to mandatory detention. Recinos-Mejia's removal order became administratively final on March 31, 2023. (ECF No. 7 at 25.) Therefore, the 90-day period of mandatory statutory detention expired by June 29, 2023, and the presumptively reasonable period of detention expired by September 27, 2023. (*Id*.) Recinos-Mejia argues that his re-detention, which has extended long past the six-month period, is unreasonable because his removal is not reasonably foreseeable. (*Id*. at 26.) Recinos-Mejia cannot be removed to El Salvador, and the government's previous attempts to remove him to Mexico, Honduras, and Guatemala were unsuccessful. (*Id*.) Although Recinos-Mejia's I-213 form suggests the government intends to remove Recinos-Mejia to Mexico, Respondents have made no argument and provided no evidence suggesting that they will be able to do so given Mexico's prior refusal to take Recinos-Mejia. (ECF No. 7-2 at 3.) Because Respondents have made no rebuttal, the Court agrees with Recinos-Mejia that it is not reasonably foreseeable he will be successfully removed to a third country. The Court therefore concludes that Recinos-Mejia's continued detention is unlawful and grants the Petition.

The Court rejects Respondents' argument that Recinos-Mejia's Petition must be dismissed as duplicative under the abuse of the writ doctrine. (ECF No 9 at 2.) Respondents assert that Recinos-Mejia is seeking habeas relief in another case filed in the same court against the same defendants (3:26-cv-00179-MMD-CSD (filed on March 12, 2026)). (*Id.* at 2-3.) But Recinos-Mejia does not seek habeas relief in that case. Instead, he seeks declaratory and injunctive relief related to DHS's third country removal policies and the reasonable fear interview process. (3:26-cv-00179-MMD-CSD ECF No. 2 at 16-17.) It is true that the Court observed in a minute order that it "appear[ed]" that Recinos-Mejia was seeking habeas relief under 28 U.S.C. § 2241." (3:26-cv-00179-MMD-CSD ECF No. 5.) But the Court also stated that any § 2241 petition was likely not properly initiated and would be "subject to dismissal unless Plaintiff properly files a petition under Section 2241." (*Id*.) Recinos-Mejia filed no such petition in Case No. 3:26-cv-00179-MMD-CSD and did not amend his complaint following the Court's minute order. Because Recinos-Mejia's previously filed civil case included no petition for habeas relief under § 2241, the Petition here is not duplicative.

The Court also rejects Respondents' argument that Recinos-Mejia is subject to mandatory detention under 8 U.S.C. § 1226(c). (ECF No. 9 at 5.) Section 1226(c) carves out a class of non-citizens who are subject to mandatory detention prior to their final removal order. *See* 8 U.S.C. § 1226(c). But regardless of whether the initial detention is discretionary or mandatory, "[o]nce an alien has a final removal order that is not subject to a judicial stay, detention authority shifts to 8 U.S.C. § 1231(a)." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022). Because Recinos-Mejia has a final removal order, the statutory authority governing his detention is therefore § 1231(a), not § 1226(c).

## V. CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Petition. In particular, because the Court grants Recinos-Mejia's requested relief on

Ground Three, it does not address the arguments in the other five grounds as they would not impact the outcome of the case.

It is therefore ordered that Recinos-Mejia's Petition (ECF No. 7) is granted. Respondents must immediately release Recinos-Mejia no later than 5:00 PM on Wednesday, September 23, 2026, subject to reasonable terms of supervision. *See* 8 U.S.C. §§ 1231(a)(6), (a)(3). Determining reasonable terms of supervision shall not in any way impede the immediate release of Recinos-Mejia.

It is further ordered that the parties shall file a joint status report by Thursday, September 24, 2026 confirming Respondents' compliance with this Order.

DATED THIS 22nd Day of September 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE